## No. 714

### ALLSHOUSE v. EMERALD TWP. (Trustees)

Ohio Appeals, 3rd District, Paulding County
No. 34.   Decided June 7, 1923

This opinion has not been published except in Abstract.

### 154. DITCHES.

Failure of actual notice as ground for enjoining collection of assessment for cleaning out—Failure to protest apportionment or perfect an appeal precludes action in equity.

WARDEN, J.

#### Epitomized Opinion

Action to enjoin collection of assessment for the cleaning out of a ditch. The assessment was made against Allshouse's land upon the assumption that it would benefit the land. Allshouse claimed that he was not bound by the assessment because he was not served with actual notice as required by statute. The evidence disclosed that the notice was sent through the mail. No evidence was offered that the notice was not received. Allshouse also contended that the ditch supervisors had no jurisdiction, because their office had been abolished by the codifying act relative to the ditch laws. In refusing the injunction the Court of Appeals held:

1. There is a presumption that the notice mailed was received by the property owners personally, since there was no evidence to contradict the testimony that the notice was mailed, and no evidence that the notice was not received.

2. Having received the notice it was necessary to protest the apportionment or perfect an appeal. This he failed to do and is therefore precluded from bringing an action in equity in the premises,

3. Since the proceedings to clean out the ditch were commenced prior to the enactment of the law to codify the ditch laws and repeal the section creating the ditch supervisor, the ditch supervisors had jurisdiction.   101 OS. 235.

## No. 715

### ROHN v. LEACH

Ohio Appeals, 3rd District, Defiance County
No. 39.   Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

### 153. DOWER.

Contract for sale of real estate before marriage transfers equitable interest and no dower attaches upon marriage.

WARDEN, J.

#### Epitomized Opinion

Prior to his marriage Rohn entered into a contract for the sale of part of his land to Leach and a part to Spangler. Leach took possession of the land and Spangler did not. After his marriage Rohn executed warranty deeds to Leach and Spangler describing himself therein as an unmarried man. Neither Leach nor Spangler knew that Rohn was married. Lola Rohn never released her dower interest in this property. After Rohn's death in 1920 Mrs. Rohn brought this action for the assignment of dower. In deciding that she was not entitled to dower, the Court of Appeals held:

1. By the contract of the sale of the lands the equitable interest was vested in the purchaser and therefore no dower attached to the lands upon the subsequent marriage of the vendor. 2 OS. 416; 20 OS. 68.

Attorneys—Vail & Simpson, Harris & Shaw, for Rohn; J. P. Cameron, Winn & Goller, R. H. Sutphen, for Leach.

## No. 716

### KELLER v. WRIGHT

Ohio Appeals, Allen County
No. 345.   June 22, 1923

This opinion has not been published except in Abstract.

### 156. EASEMENT.

Abandonment of use of a right of way causes reversion of title—Merchantable title.

WARDEN, J

#### Epitomized Opinion

Suit on a promissory note. Defense that the note was given by defendant as part payment in a contract by plaintiff to sell land to defendant and that plaintiff had been unable to convey a clear t The evidence disclosed that plaintiff could give g tiltle to all the land except a certain easement 30 feet wide, which in 1904 plaintiff's grantor had deeded to a Railway Co.; and that in 1907 the Railway Co. had abandoned the use of the easement In the Common Pleas judgment was given for plaintiff. Error was brought to the Court of Appeals. Held:.

By the provisions of 9059 GC. the abandonment of the right of way caused the title in the easement to revert to plaintiff. Plaintiff had a merchantable title.

The decision of the Common Pleas did not determine the rights of the Railway Co., since it was not a party to the suit, but was a decision that if the Railway Co. were a party it must fail, and that plaintiff's title is merchantable. Judgment affirmed

Attorneys—Klinger & Klinger, for defendants; Kies & Garling, for plaintiff.